# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| RASHONDA WALDEN, o/b/o NBK, *a minor*, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV418-154 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Rashonda Walden has filed a complaint asking the Court to review her son's ongoing social security benefits proceedings. Doc. 1. The Court now screens plaintiff's Complaint pursuant to 28 U.S.C. § 1915.[1]

## I. BACKGROUND

Walden doesn't provide the Court with much. She complains that the attorney hired to file her son's claim with the Social Security

---

[1] In cases where the plaintiff is proceeding *in forma pauperis*, which the Court **GRANTS** here on indigency grounds, doc. 2, it is required to screen each case and dismiss it upon determination either that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Administration has repeatedly been delinquent in submitting certain documents needed to flesh out the administrative record, resulting in her son's administrative hearing being rescheduled (perhaps more than once, it isn't clear). Doc. 1 at 3. She has since fired that attorney and now asks this Court to somehow intervene in the administrative proceedings. *Id.* The relief she seeks (an award of benefits? an administrative hearing before a federal magistrate judge? *in camera* review of the 100 pages of medical records attached with the Complaint?) is unclear, but she names the Commissioner, the Appeals Council, and the Office of Disability Adjudication and Review as defendants. *Id.* at 2.

She attaches, however, a letter from counsel dated June 20, 2018, informing her of an unfavorable decision denying benefits because "we were unable to obtain any really favorable opinions from [NBK]'s doctors." Doc. 1 at 97. He advises her that she can appeal the decision to the Appeals Council. *Id.* While this is clearly distressing for plaintiff, it also clarifies that she is far from exhausting her administrative remedies. And she must do so *before* coming to this Court for relief.

Under the Social Security Act, an individual claiming entitlement to benefits goes through a four step process. She first receives an initial determination. *See* 20 C.F.R. §§ 404.902, 416.1402. If the decision is not favorable, she may seek reconsideration. *See* 20 C.F.R. §§ 404.907, 416.1407. If the reconsideration is unfavorable, she may request a hearing before an ALJ. *See* 20 C.F.R. §§ 404.929, 416.1429. If she disputes the ALJ's determination, she may request that the decision be reviewed by the Appeals Council. *See* 20 C.F.R. §§ 404.967, 416.1467. Only after negotiating *each* of these procedural hurdles may a claimant obtain review of the Commissioner's final decision by a federal district court. *See* 20 C.F.R. §§ 404.981, 416.1481. Since NBK's claim is not yet finished winding its way through the administrative appeals process, it is unexhausted and cannot be reviewed here.

The Court, likewise, does not have jurisdiction to hear any claim for denial of social security benefits because judicial review is limited to only the "final decisions" of the Commissioner of Social Security. 42 U.S.C. §§ 405(g), (h), 1383(c)(3); *Califano v. Sanders*, 430 U.S. 99, 108 (1977). A Social Security benefits decision is not final, allowing for judicial review, until the decision has gone through the entire four-step

3

process, including Appeals Council review. *See* 20 C.F.R. §§ 404.900(a), 416.1400(a); *see also Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Given that NBK does not yet have that "final decision" of the Commissioner, the Court lacks jurisdiction to hear his Complaint. *See* 20 C.F.R. §§ 404.900(a), 416.1400(a).

Walden's Complaint should be **DISMISSED** both for failure to exhaust and for lack of jurisdiction. In other words, plaintiff must go to the Appeals Council and seek their review of the ALJ's decision. She may gather those missing records and try to have them incorporated into the Administrative Record, to sway the Appeals Council to take further administrative actions. But she cannot do that here.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district

judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see *Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __5th__ day of July, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA